Sullivan, }
June, 1894. }

### Baker *v.* Tolles.

If a conditional vendee of goods has authority to sell them and use the avails as he sees fit, the vendor acquires no title to goods purchased therewith.

Under an agreement that a creditor may at any time take possession of goods and hold them as security, no title passes until possession is taken.

Trover, for a stock of jewelers' goods. Facts found by the court. August 26, 1886, the plaintiff sold and delivered to A. O. Putnam a quantity of jewelers' goods, upon condition that they were to remain the plaintiff's property until Putnam paid his note of that date for $900. The contract was evidenced by a writing which was not sworn to or recorded. Putnam, with the plaintiff's knowledge and in accordance with their mutual understanding, sold the goods as he had opportunity in the course of his business as a dealer in jewelry, rendering no account of the sales to the plaintiff, and used the avails for the purchase of other goods and for such other purposes as he saw fit. October 6, 1891, the plaintiff loaned Putnam $200; October 7, 1891, $100; and May 24, 1892, $200; and took his notes therefor. With this and other money, including the avails of the principal part of the original stock, Putnam bought similar goods and put them into the store. By agreement in writing, made at the time of the loans, the plaintiff had the right to take into his possession whenever he pleased these goods or any part of them, and hold them as collateral security for the payment of all the notes. He never exercised the right, and the goods remained in Putnam's possession until they were attached by his creditors. February 24, 1893, Putnam made an assignment under the insolvency law, which dissolved the attachment. The defendant, assignee of the estate, took possession of the goods and sold them at public auction, having previously refused to surrender them to the plaintiff upon demand. Putnam's indebtedness to the plaintiff was $1,350, and the goods were sold

for a larger sum. Judgment was ordered for the plaintiff for $150, being the value of the goods converted by the defendant which could be identified as a part of those in the sale of August 26, 1886. The plaintiff excepted because the judgment was not for the full amount of his debt.

*Edward D. Baker* and *Albert S. Wait*, for the plaintiff.

*Ira Colby*, for the defendant.

CHASE, J. The authority given Putnam to sell the goods named in the contract of conditional sale did not transfer to him the plaintiff's title to them. It was merely authority to pass the title by a sale of the goods in the ordinary course of business. Until such sale, or, if there was no sale, until the plaintiff was paid for the goods, his title continued as against Putnam. *Holt v. Holt*, 58 N. H. 276. It was also valid as against the defendant, Putnam's assignee, notwithstanding the contract did not contain an affidavit of its good faith and was not recorded, as required by Laws 1885, *c.* 30, *ss.* 1, 2. *Adams v. Lee*, 64 N. H. 421. The plaintiff was entitled to the judgment that was ordered.

Putnam's authority extended to the use of the proceeds of the goods sold for the purchase of other goods and for such other purposes as he saw fit. He did not act as agent of the plaintiff in purchasing goods, but on his own account. In other words, the proceeds of the goods sold were loaned by the plaintiff to Putnam, the same as the money represented by the notes. Putnam was not obliged to use any of the money for the purchase of other goods, but was at liberty to appropriate the whole to any other purpose. The plaintiff, therefore, acquired no title to the goods purchased with the proceeds of the original goods by the fact that the purchase was made with money to which he might have asserted ownership.

The second agreement did not give the plaintiff title to any goods. It was executory in form and substance. It merely gave the plaintiff the right to take possession of goods and hold them as collateral security for the payment of his notes,— the right to have them pledged to him whenever he required it to be done. The pledge was not consummated because the possession of the goods was never delivered to the plaintiff. *Brown v. Wiggin*, 16 N. H. 312; *Young v. Kimball*, 59 N. H. 446. The plaintiff, having no title to the goods nor any possession of them, cannot maintain this action in respect to them.

Whether he would be entitled, as against the defendant (*Hauselt v. Harrison*, 105 U. S. 401; *Adams v. Lee*, 64 N. H. 421), to a specific performance of the contract giving him the right to

demand a pledge of the goods (1 Sto. Eq. Jur., ss. 714-721, 746, 788, 790), is a question that is not raised.

*Exception overruled.*

CARPENTER, J., did not sit: the others concurred.